IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID Q. WEBB,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )     C.A. No. 22-461-GBW
                                        )
STATE OF DELAWARE, et al.,              )
                                        )
                Defendants.             )

## MEMORANDUM OPINION

David Q. Webb, Newark, Delaware.  Pro Se Plaintiff.

October 31 , 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff David Q. Webb commenced this action on April 6, 2022. (D.I. 2)

He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I.

4) Pending are Plaintiff's request for electronic notification and a motion for an

emergency temporary restraining order against the State of Delaware. (D.I. 6, 8)

The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §

1915(e)(2)(b).

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for

screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d

Cir. 2008). The claims revolve around the DHSS-DSCC emergency hotel voucher

program, housing provided Plaintiff, and his apparent termination under the

program in late March 2022. (D.I. 2-1 at 6, D.I. 2-7 at 4) The Complaint names

16 defendants. They include the State of Delaware, state and county government

employees and officials, and several hotels/motels. (D.I. 2 at 1-3; D.I. 2-1 at 2-7)

Plaintiff alleges that Defendants are either government entities or they

contract with government entities; they are direct recipients of federal funding;

they engaged in intentional discrimination based upon his race, color, and national

origin as an African American male; and they violated his rights under the Fourth,

Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. He

also alleges Defendants violated Title VI of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000d *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*  He

alleges deliberate ignorance and unlawful housing conditions under federal law.

Finally, Plaintiff raises supplemental state claims under Delaware law for negligent

retention of employment, intentional infliction of emotional distress, negligent

infliction of emotional distress, and vicarious liability.

Plaintiff seeks compensatory and punitive damages.

## II.   <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the

screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief."  *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See also* 28 U.S.C. § 1915(e)(2) (*in*

*forma pauperis* actions).  The Court must accept all factual allegations in a

complaint as true and take them in the light most favorable to a *pro se* plaintiff.

*Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is

liberally construed and his Complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

3

Though "detailed factual allegations" are not required, a complaint must do more

than simply provide "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241

(3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d

Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550

U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim

has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A

complaint may not be dismissed for imperfect statements of the legal theory

supporting the claim asserted. *See id*. at 10.

## III.   DISCUSSION

### A.   Title VI

Count I attempts to raise claims under Title VI of the Civil Rights Act of

1964, 42 U.S.C. § 2000d.  The count fails to set forth plausible claims.  The claims

are pled in a conclusory manner and there are no factual allegations that provide a

plausible basis to conclude that Defendants State of Delaware, New Castle County

(not a named defendant),[1] or Matthew Meyer (in his official capacity) intentionally

---

[1] Presumably this refers to claims raised against individual County officials or employees in their official capacities.

4

discriminated against Plaintiff because of Plaintiff's race, color and/or national origin as an African American male in violation of Title VI. *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001). Therefore, Count I will be dismissed for failure to state a claim. Plaintiff will be given leave to amend this count.

### B.   42 U.S.C. § 1983

Counts II, III, IV, V, and VI attempt to raise claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Counts II, III, IV, and VI are raised against the State of Delaware and individual State Defendants in their official capacities. In addition, Count II is raised against New Castle County Executive Meyer in his official capacity.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

against the official's office.  As such, it is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment.  *See id.*

As mentioned, Count II sues Meyer in his official capacity as County Executive.  Plaintiff may sue Meyer in his official capacity under a § 1983 theory of liability only for acts implementing an official policy, practice, or custom.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-94 (1978).  To plausibly plead *Monell* liability, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, or in this case, a policy established or implemented by Meyer, and show a causal link between execution of the policy and the injury suffered.  *See e.g., O'Bryant v. New Jersey Div. of Child Prot. & Permanency*, 2022 WL 3339489, at *7 (D.N.J. Aug. 12, 2022).  The Complaint contains no such allegations.

The Court will dismiss Counts II, III, IV, and VI based upon Defendants' immunity from suit and for failure to state a claim upon which relief may be granted.  Plaintiff will be given leave to amend the claim raised against Meyer in

6

Count II.  Amendment is futile as to the claims raised against the State and State Defendant employees in their official capacities.

Count V attempts to raise a claim for violation of the Ninth Amendment to the United States Constitution.  Plaintiff cannot base § 1983 claims on an alleged violation of the federal Constitution's Ninth Amendment, because the Ninth Amendment "does not contain within itself any guarantee of a right or a proscription of an infringement. . . ."  *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003). *See also*, *Bamigbade v. City of Newark*, 2005 WL 8175517 (D.N.J. Aug. 12, 2005) ("A person cannot claim a right that exists solely under the Ninth Amendment.").

Section 1983 does not provide redress for violations of state law or the Ninth Amendment.  Count V does not raise a cognizable claim and, therefore, will be dismissed.  Amendment is futile as to Count V.

### C.    Deliberate Ignorance

Count VII alleges deliberate ignorance by State Defendants Magarik, Beaman, Hall, and Mixon.[2]  The claim is not cognizable under federal law.  Count VII will be dismissed as frivolous.  Amendment is futile.

---

[2] Count VII asserts federal jurisdiction pursuant to 28 U.S.C. § 1331.

### D.   Fair Housing Act

Count VIII raises Fair Housing Act claims against Defendants "Delaware State/Federal Contractors [hotel/motel properties – Best Night Inn, New Castle; Superlodge, New Castle; Red Roof Inn & Suites, New Castle; Red Roof Inn, Newark, Budget Inn, New Castle; and all remaining Hotel/Motel Properties as State/Federal Contractors of DHSS-DSSC]". (D.I. 2-1 at 22)   Count VIII alleges the foregoing Defendants "have failed to adhere to the strict federal regulatory mandates of their properties being safe [crime ridden] clean and livable conditions [roaches; mice and bed bugs infection] for DHSS-DSSC clients in the hotel/motel rooms while being recipients of federal funding." (*Id.* at 22-23)   Plaintiff, who was housed at the Red Roof Inn Hotel & Suites, alleges that he was denied housing at the New Caste County Hope Center (presumably better housing). (D.I. 2-1 at 23; D.I. 2-3 at 9-14)

The Fair Housing Act, 42 U.S.C. § 3601 *et seq.* makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  This includes "[l]imiting the use of privileges, services or facilities associated with a dwelling because of race, color, religion, sex, handicap, familial

8

status, or national origin of an owner, tenant or a person associated with him or her." 24 C.F.R. § 100.65(b)(4).

Plaintiff refers to the Fair Housing Acts' provisions that prohibit housing because of race, color, national origin, sex, familial status, and disability, yet the allegations do not speak to discrimination based upon any of these protected characteristics.

In addition, Count VIII references attached Exhibits 2 and 5. Exhibit 2 contains a September 17, 2021 email authored by Plaintiff to Mixon that states he is not being provided housing at the Hope Center (Plaintiff previously requested housing there, *see* D.I. 2-3 at 7-8), solely because he is not a family in violation of the Fair Housing Act and a responsive email from Mixon that Plaintiff was not given the option of relocating to the Hope Center because its priority for referrals to the Hope Center was families and gave Plaintiff the option to work with staff should Plaintiff decide to relocate to another motel. (D.I. 2-3 at 2, 4, 8)

While not specified in the Complaint, based upon its attached exhibits it seems Plaintiff alleges violations of the Fair Housing Act by reason of his familial status when he was not provided housing in the place of his choosing. The claim fails for several reasons. First, there are no allegations that any of the named foregoing Defendants had authority to move Plaintiff from one housing location to

9

another.  As alleged Plaintiff was a recipient of the DHSS-DSCC emergency hotel voucher program.

Second,  § 3604 of the Fair Housing Act prohibits discrimination in the sale or rental of a dwelling based on "race, color, religion, sex, familial status or national origin."  Section 3602(k) of the Fair Housing Act defines "familial status" as "one or more individuals (who have not attained the age of 18 years) being domiciled with (1) a parent or other person having legal custody of such individuals[s]; or (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person."  It is evident in reading the statute that the Fair Housing Act prohibits housing discrimination against families with minor children.

Plaintiff failed to state a claim upon which relief can be granted as he is a single homeless male and there are no allegations that he is living with minor children.  His "familial status" does not make him a member of a protected group within the meaning of the Fair Housing Act.  Plaintiff, therefore, fails to plead facts sufficient to state a claim for discrimination under the Fair Housing Act.  Count VIII will be dismissed.  Amendment is futile.

### E.     Housing Conditions IX

Count IX is also raised against the same Defendants as those in Count VIII. Plaintiff appears to attempt to raise a federal claim for unlawful conditions of

10

confinement, similar to those raised by inmates in §1983 cases.[3]  (D.I. 2-1 at 23-24)  Plaintiff alleges Defendants hotel/motels properties are "crime-ridden; extremely unclean in the common areas and outside on the properties with trash; infested with roaches, mice, bed bugs, lack of proper security and poor insulation around doors and windows to the motel rooms allowing extreme cold air in the rooms in the winter months and similarly with the extreme heat in the summer months."  (*Id.* at 24)

As best as can be determined from the Complaint and its exhibits, Plaintiff has only been housed only at the Red Roof Inn at Newark, Delaware.  Count IX does not specifically refer to the Red Roof Inn although it does refer to unsafe conditions.  While Plaintiff states this is a federal claim, the Complaint does not refer to any federal statute allegedly violated.  To the extent Plaintiff raises the claim under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, federal appellate courts that have addressed the issue have held that the Act does not create a private right to housing of a particular condition or a private cause of action to enforce any such right.  *See Henry v. City of Erie*, 728 F.3d 275, 281 (3d Cir. 2013) (citations omitted).

---

[3] Count IX asserts federal jurisdiction pursuant to 28 U.S.C. § 1331.

Count IX as pled is deficient and fails to state a claim upon which relief can be granted.  Therefore, Count IX will be dismissed.  Plaintiff will be given leave to amend Count IX.

### F.    Claims under Delaware Law

#### 1.    Negligence Claims under State Law

Count X alleges Magarik, Beaman, and Hall, in their official capacities, are culpable for negligently retaining the employment of Riddick, Lewis, and Draper, after being made aware of their tendencies to harm Plaintiff.  (D.I. 2-1 at 24-25) Count XII is raised against Magarik, Beaman, Hall, Mixon, Lewis, Riddick, Draper, and Whitaker and alleges negligent infliction of emotional distress.  (*Id.* at 27)  Count XII does not indicate if the claims are brought against Defendants in their individual or official capacities.

As to the claims raised against Defendants in their official capacities, as discussed above, they are immune from civil liability under the doctrine of sovereign immunity which provides "that the State may not be sued without its consent."  *Doe v. Cates*, 499 A.2d 1175, 1176 (Del. 1985).

As to the claims  raised against Defendants in their individual capacities (if that is what Plaintiff intended), Defendants are immune from suit under the Delaware State Tort Claims Act, 10 Del. C. § 4001.  The State Tort Claims Act, shields State employees from civil liability if (1) the State employee's conduct

12

arose out of and in connection with the performance of official duties involving the exercise of discretion; (2) the act or failure to act was performed in good faith; and (3) the act or failure to act was done (or not done) without gross or wanton negligence.  10 Del. C. § 4001.  "Thus, immunity under § 4001 applies to discretionary acts or omissions done without gross or wanton negligence." *Ward v. Delaware State Police*, 2022 WL 351205, at \*7 (Del. Super. Ct. Feb. 4, 2022).  Counts X and XII merely allege negligence and, therefore, the State Tort Claims Act affords Defendants immunity from suit.

Counts X and XII will be dismissed.  Amendment is futile.

### 2.    Intentional Infliction of Emotional Distress

Count XI raises intentional infliction of emotion distress claims, as follows:

- Magarik ignored two urgent pleas of assistance to resolve employment and housing complications and this resulted in Plaintiff suffering heart attacks.
- Beaman as set forth in Exhibits 2 and 6.
- Hall as set forth in Exhibit 2.
- Mixon as set forth in Exhibit 2.
- Lewis as set forth in Exhibit 3.
- Riddick as set forth in Exhibits 3 and 7.
- Draper as set forth in Exhibits 3 and 8.
- Whitaker as set forth in Exhibit 9.

Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress. *See Cummings v. Pinder*,

13

574 A.2d 843, 845 (Del. 1990) (per curiam).  That section imposes liability, in

relevant part, on "One who by extreme and outrageous conduct intentionally or

recklessly causes severe emotional distress to another is subject to liability for such

emotional distress, and if bodily harm to the other results from it, for such bodily

harm."  Outrageous conduct is "conduct that exceeds the bounds of decency and is

regarded as intolerable in a civilized community." *Goode v. Bayhealth Med. Ctr.,*

*Inc.,* 2007 WL 2050761, at *2 (Del. July 18, 2007).

Count XI, as pled, fails to state claims for intentional infliction of emotional

distress.  For most Defendants, the Complaint refers to exhibits attached to the

Complaint without identify what, in those exhibits, is the alleged intentional

infliction of emotional distress that cause harm to Plaintiff.  The Complaint must

contain some facts for the Court to consider in screening this Count.  Therefore,

Count XI will be dismissed for failure to state claims upon which relief can be

granted.  Plaintiff will be given leave to amend Count XI.

### 3.    Vicarious Liability

Count XIII alleges that the State of Delaware is vicariously liable for the acts

of its employees who allegedly were negligent, willfully negligent, failed to act,

violated federal laws, had malicious intent, and did not provide Plaintiff vocational

rehabilitation services for more than ten weeks.[4]

As discussed above, all of the Counts have been dismissed. Thus, the

vicarious liability claims against the State of Delaware are not cognizable. *See*

*Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019). In addition,

Similar to Count XI, Count XII refers to exhibits attached to the Complaint without

identify what, in those exhibits, are the alleged acts for which Plaintiff seeks to

hold the State of Delaware liable by reason of vicarious liability. The Complaint

must contain some facts for the Court to consider in screening this Count.

For the reasons discussed, Count XIII will be dismissed for failure to state

claims upon which relief can be granted. Plaintiff will be given leave to amend

Count XIII.

## IV.    MISCELLANEOUS MOTIONS

### A.    Electronic Notification

Plaintiff seeks electronic notification. (D.I. 6) The motion will be denied

without prejudice. It is not clear if Plaintiff moves to file electronically or only

receive electronic notification. Regardless, a PACER account is necessary to

receive electronic notification. The Court requires that Plaintiff indicate he has

---

[4] Count XIII asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and
purports to state claims under Delaware law. (D.I. 2-1 at 31)

independently reviewed all of the materials and related topics on the Court's web site related to electronic filing and he must have a PACER account.  His motion does not meet these requirements.

### B.   Injunctive Relief Pursuant to Fed. R. Civ. P. 65(b)(1)

Plaintiff seeks an emergency temporary restraining order for Defendants to cease and desist the intentional infliction of emotional distress Plaintiff experiences every Wednesday as a DHSS-DSSC client.  (D.I. 8)  Plaintiff relies upon his verified Complaint (D.I. 2) and attachments to the motion to support his claim for relief.

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II").  The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).  "[F]ailure to

16

establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

The motion will be denied without prejudice. As just discussed, Plaintiff's Complaint does not state cognizable claims. Plaintiff relies upon his Complaint and exhibits to the instant motion to support his claim. In reading the motion and attachments it is apparent that Plaintiff seeks housing at the Hope Center, but that has not happened. Plaintiff is, however, provided housing. At this juncture, it is far from clear that Plaintiff will succeed on the merits. Therefore, Plaintiff's motion will be denied without prejudice.

## V.   **CONCLUSION**

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for electronic notification (D.I. 6); (2) deny without prejudice Plaintiff's motion for injunctive relief (D.I. 8); (3) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii); and (4) give Plaintiff leave to amend Counts I, II as to Matthew Meyer, IX, XI, and XIII.

An appropriate Order will be entered.